UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES DANIEL BAKER,

Plaintiff,

v.

EL DORADO COUNTY, et al.,

Defendants.

No.  2:26-cv-2110 AC P

ORDER AND FINDINGS AND
RECOMMENDATIONS

Plaintiff is a county inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer.  The undersigned screened the complaint and found it did not state any claims for relief.  ECF No. 4.  Plaintiff was given an opportunity to file an amended complaint, which he has now done.  ECF No. 8.

I.      Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless.  Id. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by

1

statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

## II.    Factual Allegations of the Complaint

The complaint alleges that defendants El Dorado County, El Dorado County Jail, and McNamara violated plaintiff's rights under the Eighth and Fourteenth Amendments. ECF No. 8. Plaintiff, a pretrial detainee, alleges that he is a gang dropout and protective custody inmate and was inappropriately housed in the general population as a result of El Dorado County Jail's policy of housing protective custody inmates with general population inmates, resulting in him being attacked by an active gang member. Id. at 3-4. He further makes general allegations that "defendants" failed to train and supervise, which put him at risk. Id. at 4.

## III.    Claims for Which a Response Will Be Required

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint states a cognizable claim against defendant El Dorado County for failure to protect based on plaintiff's allegations that the jail had a policy of housing protective custody inmates with general population inmates. To proceed with this action, the court will require plaintiff to complete the attached documents and return them to the court. Once the documents are returned, the United States Marshal will be directed to serve defendant El Dorado County.

IV.     Failure to State a Claim

The complaint does not, however, state any valid claims for relief based on the alleged failure to train or against defendants El Dorado County Jail or McNamara.  Plaintiff alleges only generally that defendants failed to train and supervise, which is insufficient to support a claim for relief.  See Flores v. County of Los Angeles, 758 F.3d 1154, 1159 (9th Cir. 2014) (pattern of similar violations ordinarily necessary to show defendant was on notice regarding need for training or supervision); Davis v. City of Ellensburg, 869 F.2d 1230, 1235 (9th Cir. 1989) (same standard for inadequate training applies to inadequate supervision).  With respect to El Dorado County Jail, the jail is an entity of the county and therefore redundant and may be dismissed.  See Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Dep't, 533 F.3d 780, 799 (9th Cir. 2008) (holding that sheriff was a "redundant defendant" in lawsuit against county and county sheriff in his official capacity).  Finally, plaintiff fails to allege any claims against defendant McNamara because he does not identify any conduct by McNamara.  See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) ("Liability under § 1983 must be based on the personal involvement of the defendant" (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980))).

V.      No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted.  Plaintiff has already been given an opportunity to amend the complaint and advised what kind of information he needed to provide.  Given the minimal additional information plaintiff has provided despite clear instruction, it is clear that he has presented all pertinent facts known to him and the undersigned is convinced that further leave to amend would not result in additional cognizable claims.  Accordingly, the undersigned finds that further leave to amend would be futile and the claims and defendants identified above should be

dismissed without leave to amend.

VI.    Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Some of the allegations in the complaint state claims against the defendants and some do not.  You have sufficiently alleged a claim for failure to protect against defendant El Dorado County and this defendant will be required to respond to the complaint.  It is being recommended that all other claims against El Dorado County and all claims against El Dorado County Jail and McNamara be dismissed without leave to amend because it does not look like you will be able to state claims for which relief can be granted even if you are given another chance to amend the complaint.

CONCLUSION

In accordance with the above, **IT IS HEREBY ORDERED** that:

1.    The allegations of the first amended complaint state a claim for failure to protect against defendant El Dorado County.  Service is appropriate for this defendant.

2.    The Clerk of the Court shall send plaintiff one USM-285 forms, one summons, an instruction sheet, and a copy of the first amended complaint filed June 24, 2026 (ECF No. 8).

3.    Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a.    The completed Notice of Submission of Documents;

    b.    One completed summons;

    c.    One completed USM-285 form for defendant El Dorado County Jail; and

    d.    Two copies of the endorsed second amended complaint filed June 22, 2026.

4.    Plaintiff should not attempt service on defendants and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5.    Failure to return the documents within the time permitted, will result in a recommendation that this action be dismissed for failure to prosecute based on Rule 41(b) of the Federal Rules of Civil Procedure.

6. The Clerk of the Court shall randomly assign a United States District Judge to this action.

**IT IS FURTHER RECOMMENDED** that all other claims against El Dorado County and all claims against defendants El Dorado County Jail and McNamara be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 26, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5